UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JO ANN SMITH,

                    Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
----------------------------------------------------------------X

MEMORANDUM & ORDER

08-CV-1547 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Jo Ann Smith ("Smith"), *pro se*, brings this action under 42 U.S.C. §§ 405(g) and 1383(c) seeking judicial review of the Social Security Administration's ("SSA's") denial of her claim for supplemental security income ("SSI") and disability insurance benefits ("DIB"). (Compl. (Docket Entry # 4-2).) The Commissioner moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Def.'s Mot. (Docket Entry # 12).) As set forth below, the court grants the Commissioner's motion.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows defendants to challenge the court's subject-matter jurisdiction by means of a motion to dismiss. In reviewing a motion to dismiss under Rule 12(b)(1), courts must "accept as true all material factual allegations in the complaint," Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted), but refrain from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]," APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

1

## II. DISCUSSION

On August 21, 2007, the SSA issued an unfavorable decision regarding Smith's claim for DIB and SSI. (Herbst Decl. (Docket Entry # 13) ¶ 3(a).) Smith requested that the SSA Appeals Council review of this decision on October 31, 2007. (Id.) On December 26, 2007, the Appeals Council denied Smith's request as untimely filed. (Id. ¶ 3(b).) On March 4, 2008, sixty-nine days after the Appeals Council's decision, Smith filed an action in the U.S. District Court for the Southern District of New York challenging the SSA's determination. (Compl.) On April 1, 2008, Chief Judge Kimba Wood transferred Smith's case to this court. (Order (Docket Entry # 4-3).)

The Commissioner moved to dismiss Smith's Complaint for lack of subject matter jurisdiction on July 17, 2009. (Def.'s Mot. (Docket Entry # 12).) The court ordered a briefing schedule on August 6, 2009, requiring Smith to respond to the Commissioner's motion by August 17, 2009. (Docket Entry # 17.) The court has heard nothing from Smith since then. Nonetheless, because it is clear that Smith did not timely file her action, and because no amended pleading could cure this defect, the court will dismiss the Complaint.

Pursuant to 42 U.S.C. § 405(g), a social security claimant wishing to challenge an unfavorable decision by the SSA must bring her action within sixty days of receiving the SSA's notice. 42 U.S.C. § 405(g). The claimant is presumed to have received the SSA's decision within five days of its issuance, absent a reasonable showing to the contrary. 20 C.F.R. § 422.210(c). "The claimant thus has 65 days from the date of a final decision notice to file suit." Velez v. Apfel, 229 F.3d 1136, 1136 (2d Cir. 2000). If the claimant filed her complaint outside of this sixty-five day window, the court must dismiss the action. See 42 U.S.C. § 405(g); Velez, 229 F.3d at 1136. And while a "motion pursuant to Federal Rule of Civil Procedure

12(b)(1) may [be] technically inappropriate, as the 60 day period is a statute of limitations, not a jurisdictional, condition. . . . in any event[, it] does not affect the soundness of the dismissal." Velez, 229 F.3d at 1137. Therefore, because Smith brought her action sixty-nine days after the Appeals Council's determination, and because Smith has not made a reasonable showing that she received the Appeal Council's determination any later than five days after it was issued, the court will dismiss Smith's action. See id. Because the proper vehicle for dismissing untimely Social Security appeals is a motion for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), rather than a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), see id., the court will grant the Commissioner's motion on those grounds. See Goff v. Apfel, No. 99-CV-8062 (NGG), 2004 WL 1243148, at *5 (E.D.N.Y. Mar. 30, 2004).

## III. CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss is GRANTED. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
      December 22, 2010

s/Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge